IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS D. NICHOLSON, JR., | No. 4:24-CV-01758 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THEODOOR VOORSTAD, MD, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 8, 2025

Plaintiff Thomas D. Nicholson, Jr., filed the instant *pro se* Section 1983[1] action claiming that various state officials and agencies violated his constitutional rights and committed state-law torts. Presently pending are Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Nicholson has not responded to Defendants' Rule 12(b)(6) motions in any way. The Court will grant in part and deny in part Defendants' unopposed motions to dismiss.

I.     BACKGROUND

Nicholson initially filed the instant lawsuit in August 2024 in the Court of Common Pleas for Cumberland County, Pennsylvania.[2] Defendants Wellpath,

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See generally* Doc. 1-2.

LLC (Wellpath) and Theodoor Voorstad, M.D. (Dr. Voorstad), promptly removed the case to this Court.[3]

In his complaint, Nicholson alleges that in 2022 and 2023, Dr. Voorstad treated him for "colon cancer" by prescribing oral medications and by putting "cream" on his finger and inserting his finger into Nicholson's anus.[4] According to Nicholson, this treatment occurred multiple times in the medical department at SCI Camp Hill.[5] Nicholson alleges that these invasive treatments abruptly stopped in the beginning of 2023, when he was informed that he "never had colon cancer."[6]

Nicholson appears to believe that Dr. Voorstad was sexually abusing him, rather than medically treating him, and filed a Prison Rape Elimination Act (PREA) claim with SCI Camp Hill officials.[7] He alleges that, during the PREA investigation, he interacted with a prison official named "Imler," who told him to "keep his mouth shut" about the alleged sexual assault.[8] Nicholson further claims that in August 2023, Imler retaliated against him for speaking out about the alleged assault by placing him into two "programs" that he had already completed, which caused him to "receive[] a hit" and negatively affected his parole process.[9]

---

[3]  *See generally* Doc. 1.
[4]  Doc. 1-2 ¶¶ 8-10.
[5]  *Id.* ¶ 11.
[6]  *Id.* ¶¶ 12, 14.
[7]  *Id.* ¶¶ 13, 15, 20.
[8]  *Id.* ¶¶ 15-16.
[9]  *Id.* ¶¶ 18-19, 21.  Nicholson does not explain what "receive a hit" means.

2

Nicholson sues four defendants: Dr. Voorstad, "Wellpath Medical Provider" (*i.e.*, Wellpath), the Pennsylvania Department of Corrections (DOC), and the Pennsylvania State Police.[10] He asserts multiple claims, including Section 1983 claims under the First, Eighth, and Fourteenth Amendments, as well as state-law claims of "sexual abuse," "institutional sexual assault by a contractor," and defamation.[11]

In November 2024, shortly after Nicholson's case was removed to this Court, Wellpath filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas.[12] Nicholson's case was then stayed pursuant to the automatic stay entered in that bankruptcy proceeding[13] and administratively closed.[14] In July 2025, following the bankruptcy court's lifting of the automatic stay, Nicholson's case was reopened.[15]

All Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[16] Nicholson has failed to respond in any way to the Rule 12(b)(6) motions, despite being granted multiple extensions of time to file his

---

[10] Doc. 1-2 ¶¶ 3-6.
[11] *Id.* ¶¶ 22-27.
[12] *See generally In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533 (Bankr. S.D. Tex.); *see* Doc. 9 ¶ 1; Doc. 9-1.
[13] *See In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533, Doc. 1480 ¶¶ 1-3 (Bankr. S.D. Tex. Feb. 19, 2025); 11 U.S.C. § 362(a).
[14] *See* Doc. 12.
[15] *See* Doc. 15.
[16] *See* Doc. 17 (Pennsylvania State Police and DOC); Doc. 23 (Wellpath); Doc. 25 (Dr. Voorstad, Wellpath).

responsive briefing.[17] Because no brief in opposition has been filed by Nicholson as to any motion to dismiss, the motions are deemed unopposed.[18]

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[19] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[20] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[21]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[22] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[23] Second, the court should distinguish well-

---

[17] *See* Docs. 27, 31, 35.
[18] *See* LOCAL RULE OF COURT 7.6.
[19] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[20] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[21] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[22] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[23] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[24]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[25]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[26]

Because Nicholson proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[27]  This is particularly true when the *pro se* litigant, like Nicholson, is incarcerated.[28]

## III.   DISCUSSION

All four Defendants seek dismissal of Nicholson's claims against them.  As noted above, Nicholson has not responded in any way to Defendants' Rule 12(b)(6) motions, and thus the motions are deemed unopposed.  Nevertheless, the Court will independently review Defendants' arguments and the sufficiency of Nicholson's *pro se* pleading.

---

[24]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[26]  *Iqbal*, 556 U.S. at 681.
[27]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[28]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

A. **Claims Against the State Police and the DOC**

Nicholson sues the Pennsylvania State Police and the Pennsylvania DOC under Section 1983 for purported Eighth and Fourteenth Amendment violations.[29] These Section 1983 claims targeting Commonwealth agencies are not legally viable and must be dismissed under Rule 12(b)(6).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[30] Only "persons" are subject to suit under Section 1983; state agencies such as the Pennsylvania State Police and the DOC do not qualify.[31] Thus, any Section 1983 claims against the Pennsylvania State Police or the DOC will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

---

[29] *See* Doc. 1-2 ¶¶ 23-24.
[30] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).
[31] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (explaining that a state agency may not be sued under Section 1983 because it is not a "person"); *Metroka v. Pa. State Law Enforcement*, Nos. 23-2004, 23-2220, 23-2847, 2024 WL 4164272, at *2 (3d Cir. Sept. 12, 2024) (nonprecedential) ("[T]he Pennsylvania State Police is a state agency, not a person within the meaning of § 1983."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

### B. Claims Against Wellpath

Nicholson also sues Wellpath under Section 1983 for purported Eighth and Fourteenth Amendment violations.[32] These claims must be dismissed because they have been discharged in bankruptcy.

As noted above, Wellpath filed for Chapter 11 bankruptcy in November 2024. On May 1, 2025 (effective May 9, 2025), the bankruptcy court confirmed the "First Amended Joint Chapter 11 Plan of Reorganization of [Wellpath]."[33] As part of that Chapter 11 Plan Confirmation, any claims or causes of action against Wellpath (other than administrative claims properly and timely pursued through the bankruptcy court) accruing before the November 11, 2024 bankruptcy petition date are discharged and released, and the holders of such claims are permanently enjoined from seeking any "judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit" against Wellpath.[34] Nicholson's claims against Wellpath regarding his medical treatment in 2022 and 2023 arose prior to the November 11, 2024 petition date, and therefore he is permanently enjoined from pursuing claims against Wellpath as

---

[32] *See* Doc. 1-2 ¶¶ 23-24.
[33] *See In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533, Doc. 2596 (Bankr. S.D. Tex. May 1, 2025); *id.*, Doc. 2680 at 1 (Bankr. S.D. Tex. May 9, 2025).
[34] *See id.*, Doc. 2596 at 134 (Bankr. S.D. Tex. May 1, 2025); *id.*, Doc. 2907 at 2 ¶¶ 3-4 (Bankr. S.D. Tex. May 4, 2025); 11 U.S.C. § 524(a) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .")

7

part of this civil lawsuit. Any claim against Wellpath, consequently, will be dismissed without prejudice to Nicholson's right to pursue appropriate relief through the bankruptcy court.

### C.   Section 1983 Claims Against Dr. Voorstad

Nicholson asserts an unspecified Eighth Amendment claim and a Fourteenth Amendment equal protection claim against Dr. Voorstad.[35] The Court finds that Nicholson's allegations of sexual assault are sufficient to plausibly plead an Eighth Amendment sexual abuse claim against Dr. Voorstad.[36] However, he fails to allege an equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[37] To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[38] An equal

---

[35] Doc. 1-2 ¶¶ 23-24. Nicholson also posits, without any supporting facts or explanation, that he is asserting a Fourteenth Amendment "procedural due process" claim against Dr. Voorstad. *See id.* ¶ 24. The Court will summarily dismiss this undeveloped claim. None of Nicholson's allegations even tangentially implicate a procedural due process claim, and thus his passing reference to due process in paragraph 24 is nothing more than a legal conclusion. *See Connelly*, 809 F.3d at 787.

[36] *See Ricks v. Shover*, 891 F.3d 468, 473-75 (3d Cir. 2018) (recognizing Eighth Amendment claim of sexual abuse and setting out legal framework for such a claim).

[37] U.S. CONST. amend. XIV, § 1.

[38] *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).

protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[39]

Nicholson's complaint fails to plausibly allege an equal protection violation. He does not allege membership in a protected class and thus appears to be attempting to raise a "class of one" equal protection claim. Nevertheless, he has failed to identify others who are similarly situated to him and who received intentionally different treatment by Dr. Voorstad, and thus he has failed to plausibly plead a class-of-one equal protection claim against Dr. Voorstad (or any other Defendant).[40] So Nicholson's Fourteenth Amendment equal protection claim must be dismissed under Rule 12(b)(6).

D. **State-Law Claims Against Dr. Voorstad**

Nicholson attempts to assert two state-law claims against Dr. Voorstad: "sexual abuse" and "institutional sexual assault by a contractor."[41] It is unclear what type of state-law *tort claims*—if any—Nicholson is trying to raise. It is possible that Nicholson's first state-law claim of "sexual abuse" could implicate

---

[39] *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[40] *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (nonprecedential) (finding that prisoner failed to state an equal protection claim because he did not "allege facts showing that he was similarly situated to the inmates who received [better medical treatment], or that there was no rational basis for his different treatment.").
[41] *See* Doc. 1-2 ¶¶ 22, 25.

the intentional tort of battery under Pennsylvania law, but this conclusion represents an exceedingly liberal construction of Nicholson's pleading. His second state-law claim—institutional sexual assault—appears to be criminal, rather than civil, in nature.[42] Nicholson, however, may not pursue criminal charges as part of a civil rights lawsuit.[43]

Accordingly, because it is unclear what state-law tort claim (if any) Nicholson is attempting to assert in paragraph 22 of his complaint, the Court will permit leave to amend so that he can clarify what type of state-law tort claim he intends to pursue against Dr. Voorstad through his allegation of "sexual abuse." Nicholson's second state-law claim against Dr. Voorstad ("institutional sexual assault") in paragraph 25, which invokes a criminal statute, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[44]

---

[42] *See* 18 PA. CONS. STAT. § 3124.2(a) (criminal offense of "institutional sexual assault," which includes assault by "an employee or agent of the Department of Corrections").

[43] *See, e.g.*, *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 & n.2 (E.D. Pa. 1975) ("[C]riminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determ[in]ing whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts." (quoting *Bass Angler Sportsmen Soc. v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (D. Ala.), *aff'd*, 447 F.2d 1304 (5th Cir. 1971))); *see also Wheeler v. Ulisny*, 482 F. App'x 665, 669 (3d Cir. 2012) (nonprecedential) ("[A] private citizen cannot file a criminal complaint in court nor is there a federal right to require the Government to initiate criminal proceedings."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964).

[44] Defendants do not address Nicholson's state-law claims in their motion to dismiss, so the Court will screen and dismiss this claim under Section 1915A(b)(1).

### E. Potential Claims Against "Imler"

In his complaint, Nicholson appears to attempt to assert a First Amendment retaliation claim and a state-law defamation claim against "defendant Imler."[45] The primary problem for Nicholson is that Imler was not named as a defendant in his complaint and therefore he was never served, nor did he enter his appearance in this action. Although Nicholson included Imler's name in the caption,[46] he did not include him as a defendant in the section of his complaint where he named each defendant and provided an address for service.[47]

Thus, as far as the Court can tell, Nicholson has failed to provide "Imler" with any notice of this lawsuit. Consequently, the Court will grant leave to amend for Nicholson to include Imler as a defendant in this case (if he so desires) and to provide a proper address for this additional defendant. Should Nicholson file an amended complaint that (1) properly names Imler as a defendant, (2) provides an accurate address for service, and (3) plausibly alleges a civil claim or claims against this actor, the Court will serve said amended complaint on Imler pursuant to 28 U.S.C. § 1915(d).

---

[45]  Doc. 1 ¶¶ 26-27.
[46]  *See* Doc. 1-2 at p. 3.
[47]  *See id.* ¶¶ 2-6.

## F.     Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[48]  Here, Nicholson's claims against the Pennsylvania State Police, the Pennsylvania DOC, and Wellpath are incapable of amendment, so granting leave to amend would be futile.  As thoroughly explained above, the state agencies are not "persons" for Section 1983 purposes, and any pre-petition claims against Wellpath have been discharged in bankruptcy.  The Court will permit Nicholson to file an amended complaint regarding his claims against Dr. Voorstad and "Imler" if he so desires.

If Nicholson chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his claims in short, concise, and plain statements, and in sequentially numbered paragraphs (much like his first complaint).  Nicholson must plead all claims for relief, including the Section 1983 Eighth Amendment claim against Dr. Voorstad that survived this Court's sufficiency review.  He may not include any claims that have been dismissed with prejudice.  He must leave one-inch margins on all four sides of his pleading.[49]

---

[48]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).
[49]  *See* LOCAL RULE OF COURT 5.1.

12

Nicholson must name proper defendants and specify the offending actions taken by a particular defendant. He must also sign the amended complaint and indicate the nature of the relief sought. If Nicholson intends to pursue state-law tort claims, he must clearly identify the type of tort claim he is asserting and include factual allegations that establish the elements of the claim.

If Nicholson does not timely file an amended complaint, this case will proceed on the individual capacity Section 1983 Eighth Amendment sexual abuse claim against defendant Dr. Voorstad only.

## IV. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' unopposed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge